**WO**

MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Levi Faison, | No. CV-18-01992-PHX-GMS (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| John Sperling, et al., | |
| Defendants. | |

On June 25, 2018, Plaintiff Matthew Levi Faison,[1] who is confined in the Blackwater River Correctional Facility in Milton, Florida, filed a pro se Complaint (Doc. 1), which the Clerk of Court filed as a civil rights Complaint pursuant to 42 U.S.C. § 1983. In a July 16, 2018 Order (Doc. 5), the Court dismissed the complaint as deficient and gave Plaintiff 30 days to file an amended complaint and to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On August 10, 2018, Plaintiff filed a First Amended Complaint (Doc. 6) and an

---

[1] Plaintiff, Florida Department of Corrections Inmate No. 038634, is incarcerated under the name Matthew L. Faison, but "has gone by various aliases including, but not limited to: 'Maestro Mason Matthew Faison, Maestro Master Matthew Mason Faison, Master Matthchew Leo Faison, Leo Faison, Maestro Master Mattchew Mason Faison, Maestro Matteo Sonny Faison, Maestro Matthew Leo Jackson Faison, Mason Faison, Mateo Faison, Matteo Leon Faison, Matthew Jackson Faison, Matthew Leo Jackson Faison, Matthew Mason Faison, Perry Mason Faison, Signore Mateo Sunny Faison, Bigito Fazio.'" *Faison v. Guerra*, No. 3:04-cv-00027-RV-MD, 2004 WL 758283, at *2 (N.D. Fla. Mar. 15, 2004); *see* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=038634&TypeSearch=AI (last visited Feb. 7, 2019) (listing aliases Leo Faison, Maestro Perry Mason Faison, Matteo Leon Faison, Matthew L. Faison, Matthew Mason Faison, Matthew Fatson, and Leo Jackson).

Application to Proceed In Forma Pauperis (Doc. 8). Pursuant to 28 U.S.C. § 1915(g), the Court will deny the Application to Proceed and will dismiss the First Amended Complaint and this action without prejudice.

**I.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is "commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005).

**A.     Three Strikes**

"[I]n determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. "[T]he style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (quoting *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)). *See Knapp*, 738 F.3d at 1110 (dismissal of appeal as "'not taken in good faith,'… has been held to be equivalent to a finding of frivolity" and counts as strike); *O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008) (section 1915(g) does "not distinguish between dismissals with and without prejudice").

As an initial matter, the Court takes judicial notice of the following actions and appeals in which Plaintiff has been previously barred under § 1915(g) from proceeding in

federal court:

> *Matthew v. BOFA Suntrust* (Matthew Levi Faison), No. 2:14-cv-04523-UA-PLA (C.D. Cal. Jun. 20, 2014) (dismissed pursuant to § 1915(g)).
>
> *Faison v. Brown* (Matthew Leo Faison), No. 3:03-cv-00053-RWN (M.D. Fla. Jan. 28, 2003) (dismissed pursuant to § 1915(g)).
>
> *Faison* v. Jergen (Matteo Leon Faison), No. 3:03-cv-00135-HES (M.D. Fla. Mar. 7, 2003) (dismissed pursuant to § 1915(g)).
>
> *Faison v. Office of Executive Clemency Board* (Matthew Faison, Jr.), No. 3:12-cv-00319-BJD-JBT (M.D. Fla. Mar. 29, 2012) (dismissed pursuant to § 1915(g)).
>
> *Faison v. Guerra* (Maestro Matthew Faison), No. 3:04-cv-00027-RV-MD, 2004 WL 758283 (N.D. Fla. Mar. 15, 2004) (adopting report and recommendation to dismiss pursuant to § 1915(g)).
>
> *Faison v. Guerra* (Matthew Levi Faison), No. 3:04-cv-00069-RV-MD (N.D. Fla. Apr. 26, 2004) (adopting report and recommendation to dismiss under § 1915(g)).
>
> *Faison v. U.S. Att'y Gen.* (Matthew Faison, Jr.), No. 5:09-cv-00404-RS-AK (N.D. Fla. Mar. 9, 2010) (adopting report and recommendation to dismiss action under § 1915(g)).
>
> *Faison v. Guerra* (Matthew Leo Faison, aka Matthew Leo Jackson Faison, aka Leo Jackson Faison), No. 3:18-cv-000158-MCR-EMT, 2018 WL 1157561, at *1 (N.D. Fla. Feb. 16, 2018) (report and recommendation to dismiss action under § 1915(g)) *adopted by Faison Guerra,* No. 3:18-cv-000158-MCR-EMT, 2018 WL 1144977, at *1 (N.D. Fla. Mar. 1, 2018).
>
> *Faison v. Ford* (Matthew Levi Faison), Case. No. 3:18-cv-02181-LC-CJK (N.D. Fla. Nov. 15, 2018) (adopting report and recommendation to dismiss action pursuant to § 1915(g)).
>
> *Faison v. Sepei* (Matthew Leo Jackson Faison, aka Matthew Famison), 1:18-cv-20106-JEM (S.D. Fla. Mar. 1, 2018) (dismissed pursuant to § 1915(g), listing 14 additional previously dismissed S.D. Fla. cases).
>
> *Faison v. Faison* (Matthew James Faison), No. 1:18-cv-04556-AT (N.D. Ga. Oct. 24, 2018) (adopting report and recommendation to dismiss action pursuant to § 1915(g)).
>
> *Faison v. Berryhill* (Matthew Faison), No. 4:18-cv-00495-JMB (E.D. Mo. Apr. 5, 2018) (dismissed pursuant to § 1915(g)).

*Faison v. Branstad* (Master Matthew Levi Faison), No. 2:05-cv-01865-WJM-RJH (D.N.J. Apr. 15, 2005) (dismissed pursuant to § 1915(g)).

*Faison v. Internal Revenue Service* (Matthew James Faison, Jr., aka Matthew Leo Faison), No. 4:10-cv-00043-HSM-SKL (E.D. Tenn. Mar. 2, 2011) (granting defendants' motion to dismiss and dismissed pursuant to § 1915(g)).

*Faison v. United States Social Security Comm.* (Matthew James Faison), No. 7:11-cv-00429-SGW (W.D. Va. Sep. 9, 2011) (dismissed pursuant to § 1915(g)).

*Faison v. Florida Parole and Probation Com'n* (Matthew Faison, Jr, aka Leo Jackson Faison), No. 2:11-cv-00273-CI (E.D. Wash. Oct. 17, 2011) (adopting report and recommendation to dismiss pursuant to § 1915(g)).

*In re Faison*, No. 11-1399, 419 Fed. Appx. 171 (3rd Cir. 2011) (denied IFP noting "Faison was considered a 'three striker'").[2]

These determinations aside, this Court has additionally reviewed the grounds for dismissal in each of the following actions and appeals:

*Faison v. Outlaw Penpal Association Co.* (Matthew L. Faison), No. 2:05-cv-03495-UA-JC (C.D. Cal. May 26, 2005) (dismissed for failure to state a claim).

*Faison, v. United States* (Matthew Faison, Jr.), No. 2:14-cv-07152-UA-DUTY (C.D. Cal. Sept. 25, 2014) (dismissed for failure to state a claim).

*Faison v. Douglus Areheart* (Matthew Faison), No. 2:17-cv-06502-JGB-JCG (C.D. Cal. Sep. 27, 2017) (dismissed pursuant to § 1915(g) and for failure to state a claim).

---

[2] Plaintiff has also been sanctioned by federal courts for abuse of the judicial process and for failure to fully disclose the nature and existence of his prior lawsuits. *See Faison v. Kaiser Aluminum Corp.*, 568 U.S. 1120 (2013) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1."); *Faison v. Dept. of Corr.* (Signore Mateo Sunny Faison, aka Bigito Fazio), No. 3:99-cv-00059-HES (M.D. Fla. Jan. 28, 1999) (dismissed for abuse of judicial system); *Jackson v. Crosby* (Matthew L. Jackson, aka Matthew Jackson Faison), No. 3:99-cv-01085-HES (M.D. Fla. Nov. 3, 1999) (dismissed for failure to disclose, listing cases); *Faison v. Crosby* (Master Matthew Faison), No. 3:99-cv-01114-RWN (M.D. Fla. Nov. 17, 1999) (dismissed for failure to disclose, listing cases); *Faison v. Crosby* (Perry Mason Faison, aka Matthew Faison), No. 3:00-cv-00148-HES (M.D. Fla. Feb. 17. 2000) (dismissed for failure to disclose, listing cases); *Faison v. All Officials of Trial Court* (Matthew Leo Jackson Faison), No. 3:02-cv-00748-HLA (M.D. Fla. Sept. 18, 2002) (dismissed for failure to disclose, listing cases).

*Faison v. United States* (Matthew James Levi Faison, Jr.), No. 2:18-cv-04349-JGB-RAO (C.D. Cal. May 30, 2018) (dismissed for failure to state a claim).

*Faison v. Library of Congress* (Mason Faison), No. 4:02-cv-02064-PJH, 2002 WL 1067814 (N.D. Cal. May 24, 2002) (dismissed as frivolous).

*Faison v. Outlaw Ass'n and Hearts Behind Bars Ass'n* (Matthew Leo Levi Faison), No. 3:11-cv-05095-RS (N.D. Cal. Feb. 9, 2012) (dismissed for failure to state a claim).

*Faison v. Nimmons* (Matthew L. Faison, aka Perry Mason Matthew Faison), No. 3:99-cv-01182-HES (M.D. Fla. Dec. 9, 1999) (dismissed for failure to state a claim).

*Faison v. Sundance Land Corp.* (Matthew Levi Faison), No. 2:99cv-569-JES-SPC (M.D. Fla. Dec. 20, 1999) (dismissed for failure to state a claim).

*Faison v. U.S. Middle District* (Matthew Levi Faison), No. 2:01-cv-00690-JES (M.D. Fla. Dec. 28, 2001) (dismissed as frivolous).

*Faison v. Jefferson* (Matthew Leo Faison, aka Mason Faison), No. 3:02-cv-852 (M.D. Fla. Sept. 17, 2002) (dismissed as frivolous).

*Faison v. Crockett* (Matthew Levi Faison), No. 4:02-cv-00157-WS (N.D. Fla. May 24, 2002) (dismissed as frivolous).

*Faison v. Kaiser Aluminum Corp.* (Matthew Faison, Jr.), No. 2:10-mc-00051-JHS, 2010 WL 3419905 (E.D. Pa. Aug. 26, 2010) (dismissed pursuant to § 1915(g) and as legally and factually frivolous).

*Faison v. Library of Congress* (Matthew L. Faison), No. 12-16683 (9th Cir. 2012) (dismissed as frivolous).

*Faison v. Outlaw Ass'n and Hearts Behind Bars Ass'n* (Matthew Leo Levi Faison), No. 12-15597 (9th Cir. 2012) (dismissed as frivolous).

*Faison v. Humann* (Matthew L. Faison, aka Leo Faison, aka Maestro Perry Mason Faison, aka Matteo Leon Faison, aka Matthew Mason Faison, aka Leo Jackson, aka Matthew Fatson), No. 12-15502 (9th Cir. 2012) (dismissed as frivolous).

*Jackson v. Crosby* (Matthew L. Jackson, aka Matthew Jackson Faison), No. 00-10678-A (11th Cir. 2000) (dismissed as frivolous).

*Faison v. Crosby* (Matthew Faison), No. 99-15216-C (11th Cir. 2000) (dismissed as frivolous).

*Faison v. Crockett* (Matthew Levi Faison), No. 03-13171-H (11th Cir. 2003) (dismissed as frivolous).

*Faison v. Independent Life Ins.* (Perry Mason Faison), No. 02-15290-E (11th Cir. 2003) (dismissed as frivolous).

As reflected above, Plaintiff has filed far more than three actions or appeals in federal court that have been dismissed as frivolous, malicious, or for failure to state a claim and count as "strikes" under § 1915(g). Plaintiff has been provided repeated opportunities to demonstrate that his dismissals should not bar him from proceeding in forma pauperis under § 1915(g), but has failed to do so.

Accordingly, Plaintiff has "three strikes" and may not bring a civil action without complete prepayment of the $350.00 filing fee and $50.00 administrative fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### B. Imminent Danger

To meet the exception under § 1915(g), the complaint must "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). The "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). *See Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) (although courts "should not attempt to evaluate the seriousness of a plaintiff's claims[,…] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger.").

When Plaintiff brought this action, he was unquestionably aware that he had three strikes and could not proceed in forma pauperis. In recognition of that fact, Plaintiff states that he "is in a state of imminent danger of serious physical injury" and is "in a situation surrounded in a death trap[] of dangerous prisoners." (Doc. 6 at 7.) Plaintiff's allegations, however, fail to meet the imminent injury exception.

In his six-count First Amended Complaint, Plaintiff sues "UPA" Founder and Vice President John Sterling, "UPA" Chief Financial Officer Jane Doe, "Sally Mae Student Loans" Founder and Vice President John Doe, "Sally Mae" Chief Financial Officer Jane Doe, and "BPC" Vice President Rosanna Bar. Plaintiff alleges that "Blackstone Paralegal Association Company" was paid "a lump-sum of revenues [to] cover[] the expense[s] to [e]nroll in [] paralegal college courses" by "Sally Mae Student Loan Finance Broker." After "two[] semesters[,] the University of Phoenix Arizona Founder President John Sperling stop[ped] mailing [Plaintiff] the college courses." Plaintiff claims that Defendants violated a "student loan agreement" and deprived him of his rights under the First and Fourteenth Amendments to the United States Constitution. These allegations do not plausibly show, in any credible or coherent manner, that Plaintiff is in imminent danger of serious physical injury.

Accordingly, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's First Amended Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wishes to reassert these claims in the future, he may do so by commencing a *new* case and *prepaying* the $400.00 filing and administrative fees at the time of filing his action in federal court.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 8) is **denied**.

(2) Plaintiff's First Amended Complaint (Doc. 6) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff filing a complaint in a new case accompanied by full payment of the $400.00 filing and administrative fees.

(3) The Clerk of Court must enter judgment accordingly and **terminate** this case.

Dated this 21st day of February, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge